**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4235**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

DAVID JACKSON, JR.,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:10-cr-00374-MBS-1)

───────────

Submitted:  July 15, 2011        Decided:  August 26, 2011

───────────

Before KING, GREGORY, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Robert C. Jendron, Jr., Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Jackson, Jr., appeals his conviction and seventy-month sentence imposed after he pled guilty to one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). Jackson's sole argument on appeal is that the district court failed to set forth sufficient reasons to establish it made an individualized assessment before imposing his sentence, in light of the relevant 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors and the reasons discussed in Jackson's motion for a below-Guidelines sentence. We affirm the district court's judgment.

Because Jackson requested a sentence below his Guidelines range, his claim was properly preserved, and this court reviews it for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim.").

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that while a district court must consider the statutory factors and explain

2

its sentence, it need not explicitly discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). But, at the same time, the district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). The district court must state the individualized reasons that justify the sentence, even when sentencing a defendant within the Guidelines range. Rita v. United States, 551 U.S. 338, 356–57 (2007).

In United States v. Carter, 564 F.3d 325 (4th Cir. 2009), we held that while the individualized assessment of each defendant need not be elaborate or lengthy, it must provide a rationale tailored to the particular case at hand and be adequate to permit appellate review. 564 F.3d at 330. Thus, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities. Id. at 328–29. In addition, we cannot presume that the district court adopted the arguments of one of the parties while imposing sentence; an appellate court may not guess at the district court's rationale. Id. at 329–30. This court may, however, look to the district court's lengthy discussion with, and questioning of, defense counsel as evidence that the district court understood the defendant's arguments for a reduced

3

sentence and had reasons for rejecting those arguments. See Rita, 551 U.S. at 344-45, 358-59.

In this case, the district court made clear during Jackson's sentencing hearing that it considered counsel's arguments for a below-Guidelines sentence, explicitly stating that it had considered counsel's arguments and making clear from questions posed to the probation officer and defense counsel throughout the hearing that it considered counsel's arguments. The district court also sufficiently explained the reasons for Jackson's seventy-month sentence, explicitly noting that it adopted the presentence investigation report's findings as the reasons for Jackson's sentence, and citing several § 3553(a) factors it found relevant, including the seriousness of Jackson's offense, the need to deter him from criminal conduct and provide him with necessary drug counseling and mental health treatment, and to provide restitution to the financial institution he robbed.

Because the sentencing transcript makes clear that the district court "considered counsel's arguments for a below-Guidelines sentence but had reasoned bases for exercising its own legal decisionmaking authority" to impose a sentence at the bottom of Jackson's Guidelines range, United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010),

4

we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
